**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:11-cr-003 |
| | ) | |
| Gerald Roubideaux | ) | |
| | ) | |
| Defendant. | ) | |

_____

Defendant filed a motion for reconsideration on February 11, 2011, regarding the undersigned's order of detention that was filed on February 02, 2011. (Docket Nos. 24-25). The United States filed a response opposing the motion on February 17, 2011. (Docket No. 26). Defendant requests that he be released from detention and allowed to reside with his grandmother in Cannonball. In addition, defendant argues that as to his prior conviction for aggravated assault, the court did not hear the full extent and nature of the injury suffered by the victim in that matter. The defendant asserts the injury was minor and was the result of the victim's attempt to grab a knife from the defendant's hand. The United States argues that the defendant does not appreciate the dangerous nature of his conduct while intoxicated, that his elderly grandmother is unlikely to be able to control him, and that his promise not to consume alcohol is unpersuasive considering his history of "habitual, alcohol-related criminal behavior."

**I.     MOTION FOR RECONSIDERATION**

The court ordered the defendant to be detained pending trial based upon the strength of the government's case, evidence that the defendant had admitted to the charged conduct, his prior criminal history and his history of alcohol dependency. The court held that not only was release to a third party insufficient to ensure the defendant's future appearance and the safety of the

community, but that release to a residential reentry center was also an inappropriate placement, given the foregoing and his past gang affiliation.  None of the information presented in defendant's motion for reconsideration persuades the court that the defendant's elderly grandmother is any more likely to keep control of him than could a residential  reentry center.  The court's original concerns for the safety of the community remain, and the court remains convinced that detention is the least restrictive means possible of ensuring the safety of the community.  Therefore, the defendant's motion for reconsideration is **DENIED**.

## II.     MOTION FOR MODIFICATION OF DETENTION ORDER

Defendant subsequently filed a Motion to Modify Detention Order on March 7, 2011, requesting that he be released from detention from 12:00 p.m. on Friday, March 11, 2011, to 7:00 p.m., Saturday, March 12, 2011, to attend his nephew's funeral.  The United States also opposes this request, arguing that based upon the court's determination at the detention hearing that defendant is a flight risk who poses a danger to the community, that allowing him to return to the Cannonball community, even briefly, poses a danger to the community and that he will flee.  The government points to the defendant's persistent tribal law violations and non-compliance with previous tribal court orders.  Defendant argues that he is amenable to additional conditions of release that the court would impose to facilitate his temporary release from custody.

While the court appreciates the defendant's desire to spend time with his sister during this time, the court finds that the same factors that led to the court's decision to detain the defendant pending trial weigh in favor of denying his request that he be temporarily released to his girlfriend and sister to return to Cannonball.  Given the posture of the case, defendant poses as great a risk to the alleged victim and to the community, and continues to be a flight risk.  Based upon the foregoing, defendant's Motion to Modify Detention Order is **DENIED**.

**IT IS SO ORDERED.**

Dated this 8th day of March, 2011.

                     */s/  Charles S. Miller, Jr.*
                     Charles S. Miller, Jr.
                     United States Magistrate Judge